## NEWTON v. SHELDON ET AL.

INJUNCTION: CHATTEL MORTGAGE: PAYMENT.

*Appeal from Montgomery Circuit Court.*

MONDAY, DECEMBER 10.

IN CHANCERY. The petition alleges that defendants are about to sell upon a chattel mortgage a frame building and certain personal property therein,

owned by plaintiff; that the mortgage was executed by the person from whom plaintiff bought the property to secure a promissory note given for intoxicating liquors to be sold in violation of law, and that a large part of the debt has been paid. The sale of the property was enjoined, and defendants in a cross-bill set up their note and mortgage, and ask that the lien be enforced by a proper decree of foreclosure; they allege that plaintiff, when he purchased the property of the mortgagor, undertook to pay the debt in part consideration of the purchase. Plaintiff in his answer to the cross-bill alleges that a part of the consideration of the note was intoxicating liquors purchased for the purpose of unlawful sale, that certain payments were made upon the note that are not credited thereon, and that he did not undertake to pay the note and thereby bind himself personally, so that defendants are entitled to judgment against him for the debt. Upon a trial on the merits there was a decree in accordance with the prayer of defendant's cross-bill. Plaintiff appeals.

*McPherson & Scott* and *Z. T. Fisher*, for appellant.

*C. E. Richards*, *A. Beeson* and *C. S. Murphy*, for appellee.

BECK, J.—The questions in this case are exclusively of facts, to be determined upon the testimony. A brief consideration will be sufficient to dispose of them.

I. The strong preponderance of evidence establishes the facts to be that intoxicating liquors constituted no part of the consideration for which the note was given. It is also established, by evidence quite as satisfactory, that plaintiff did upon the purchase of the property bind himself to pay the note, which the mortgage is given to secure.

II. There may be some doubt upon the questions involving the credits which plaintiff claims should be allowed upon the note, but we think he fails to support his claim by a preponderance of testimony. Plaintiff's own evidence is to the effect that the person of whom he purchased the property, the mortgagor, informed him that such payment had been made. Certain papers or receipts were given to the mortgagor by defendant. Plaintiff also testifies that defendant promised to credit the amount on the note. But defendant testifies that no such promise was made, and that he only offered to credit the amount when it should be allowed as a claim against his intestate's estate. He is supported by another witness who testifies that the receipts so recited the facts. The receipts are not before us. The abstract does not present the testimony on this branch of the case clearly; it certainly fails to show that plaintiff established this claim as to these credits by a preponderance of the testimony.

AFFIRMED.